■ In the Matter of ROGER L. PAUL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [944 NYS2d 925]—

Per Curiam. Respondent was admitted to practice by this Court in 1978. He maintains an office for the practice of law in the Village of Northville, Fulton County.

Respondent has admitted the charges of professional misconduct set forth in the petition, and we have heard respondent in mitigation. Respondent converted funds from his attorney escrow account over a period of several months in 2010 for personal purposes and also issued a check against insufficient funds on the escrow account in May 2010, all in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (a) and 8.4 (c) (d) and (h).

Respondent's serious misconduct is mitigated by his restitution of the converted funds, the lack of apparent client harm, his expressions of remorse, his full cooperation with petitioner's investigation, his good personal and professional reputation, and his commendable service to his community and the public over the course of his career, including pro bono client representation. Respondent has explained that he used the escrow funds to keep his practice open during an especially difficult downturn in his business, but acknowledges that this was no excuse for his professional misconduct.

In order to protect the public, deter similar professional misconduct and preserve the reputation of the bar, we conclude that respondent should be suspended from the practice of law for a period of two years, effective immediately and until further order of this Court. However, we stay the suspension upon condition that respondent provide petitioner with semiannual reports by a certified public accountant confirming that he is maintaining his escrow account and preserving client funds in

---

**3.** We note that respondent only provided to this Court photocopies of this exhibit.

accordance with the applicable provisions of the Rules of Professional Conduct (*see* 22 NYCRR 1200.0). The first such semi-annual report shall be due within 30 days of the date of this decision and the reporting requirement shall continue until further order of this Court. Any failure to meet the condition shall be reported by petitioner to this Court. After the expiration of the two-year suspension period, respondent may apply to this Court for termination of the suspension. Any such application shall be supported by proof that respondent complied with the condition and that he took and passed the Multistate Professional Responsibility Examination within the suspension period and shall be served on petitioner, which may be heard thereon.

Peters, P.J., Spain, Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that respondent is suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court, which suspension is stayed upon the terms and conditions set forth in this Court's decision.